

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:16-MJ-170 |
| CHARLES BEN BOUNDS<br>a/k/a "Pretty Boy"                       (01)<br>MICHAEL LOUIS DEBUSK<br>a/k/a "Mad Dog"                          (02)<br>WILLIAM DON LEVERETT<br>a/k/a "Big Will"                           (03)<br>LAUREN WHITNEY MOORE<br>a/k/a "Pistols"                             (04)<br>RICHARD LEE PINTO<br>a/k/a "Dirty Red"                         (05)<br>ALISHA ANN PRIEST                 (06) | |

## CRIMINAL COMPLAINT

Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Violation of 21 U.S.C. § 846)

Beginning in or before January 2015, and continuing until on or about April 1, 2016, in the Fort Worth Division of the Northern District of Texas, and elsewhere, defendants **Charles Ben BOUNDS**, also known as Pretty Boy, **Michael Louis DEBUSK**, also known as Mad Dog, **William Don LEVERETT**, also known as Big Will, **Lauren Whitney MOORE**, also known as Pistols, **Richard Lee PINTO**, also known as Dirty Red, **and Alisha Ann PRIEST**, along with others known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), namely to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)).

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## I. INTRODUCTION

1. I have been a Special Agent of the DEA for approximately 17 years. I received basic investigative instruction at the DEA Academy located in Quantico, Virginia, and additional continuing instruction regarding investigative techniques. I am currently assigned to the Fort Worth Resident Office (FWRO) of the DEA, Dallas Field Division, working with Investigators and Officers from the Fort Worth Police Department.

2. I have participated as a law enforcement officer in several investigations of unlawful narcotics distribution and have conducted wiretap investigations, physical and electronic surveillances, undercover transactions, the execution of search and arrest warrants, debriefings of informants, and review of taped conversations and drug records. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored and distributed, and the methods of payments for such drugs. I am also familiar with some of the methods by which narcotics traffickers communicate and code words commonly used by narcotics traffickers.

## II. SUMMARY OF PROBABLE CAUSE THAT A VIOLATION OF 21 U.S.C. § 846 HAS OCCURRED

3. As part of the conspiracy, not every person named or identified in the conspiracy knew every other person identified as being in the conspiracy. It was their joining together for the common purpose of possessing and distributing methamphetamine,

the nature of the scheme to possess and distribute methamphetamine, and the overlapping among its members in possessing and distributing methamphetamine that established their membership in this particular conspiracy. And not every member of the conspiracy knew the details of each aspect of the conspiracy. Nevertheless, each member of the conspiracy knew or was aware of the conspiracy's general purpose and scope, which was to possess and distribute methamphetamine in the Northern District of Texas and elsewhere between and among the named conspirators and others not named.

4. As part of the conspiracy, its members had a fluid hierarchy that evolved over time. For example, as some members were arrested or otherwise temporarily unavailable, other members took over the receipt and delivery of methamphetamine.

5. Since approximately 2014, the government has been investigating allegations that **Charles Ben BOUNDS**, also known as Pretty Boy, **Michael Louis DEBUSK**, also known as Mad Dog, **William Don LEVERETT**, also known as Big Will, **Lauren Whitney MOORE**, also known as Pistols, **Richard Lee PINTO**, also known as Dirty Red, **and Alisha Ann PRIEST,** along with Laci Whisenant, Matthew Rutledge, Chris Nicholson, Shanda Hawkins, Gavin Seguin, and Tiffany Bradberry, not named as defendants herein, and others not named have conspired together to possess methamphetamine with the intent to distribute it in the Northern District of Texas and elsewhere.

6. As part of the conspiracy, **Charles Ben BOUNDS**, also known as Pretty Boy, **Michael Louis DEBUSK**, also known as Mad Dog, **William Don LEVERETT**, also known as Big Will, **Lauren Whitney MOORE**, also known as Pistols, **Richard Lee PINTO**, also known as Dirty Red, **and Alisha Ann PRIEST,** agreed to possess methamphetamine with the intent to distribute it, and knowingly and willfully participated in that agreement.

7. As part of the conspiracy, the common purpose between and among **Charles Ben BOUNDS**, also known as Pretty Boy, **Michael Louis DEBUSK**, also known as Mad Dog, **William Don LEVERETT**, also known as Big Will, **Lauren Whitney MOORE**, also known as Pistols, **Richard Lee PINTO**, also known as Dirty Red, **and Alisha Ann PRIEST,** along with others was to possess and distribute methamphetamine in the Northern District of Texas and elsewhere.

8. As part of the conspiracy, in general, Laci Whisenant, Alisha Feeney, Gavin Seguin, Christina Pugh, Tiffany Bradberry, and others distributed or brokered methamphetamine transactions between and amongst **Charles Ben BOUNDS**, also known as Pretty Boy, **Michael Louis DEBUSK**, also known as Mad Dog, **William Don LEVERETT**, also known as Big Will, **Lauren Whitney MOORE**, also known as Pistols, **Richard Lee PINTO**, also known as Dirty Red, **and Alisha Ann PRIEST,** and others.

9. As part of the conspiracy, its members routinely received and delivered ounce and multi-ounce quantities of methamphetamine that they then distributed to others in the Northern District of Texas and elsewhere.

10. As part of the conspiracy, some of the money derived from the sale and distribution of methamphetamine would be used to purchase additional quantities of methamphetamine.

### III. FACTS ESTABLISHING PROBABLE CAUSE THAT A VIOLATION OF 21 U.S.C. § 846 HAS OCCURRED

11. Below is a chronology of some relevant events:

   a. On April 29, 2015, Officers from the Fort Worth Police Department arrested Laci Whisenant in possession of approximately 392 grams of methamphetamine.

   b. On June 15, 2015, Agents/Officers from the Drug Enforcement Administration arrested Christina Pugh on an outstanding Federal Arrest Warrant.

   c. On June 15, 2015, Agents/Officers from the Drug Enforcement Administration and the United States Marshal's Service arrested Tiffany Bradberry on an outstanding federal arrest warrant.

   d. On June 16, 2015, Agents/Officers from the Drug Enforcement Administration and Homeland Security arrested Alisha Feeney on an outstanding federal arrest warrant.

   e. On July 16, 2015, Officers from the White Settlement Police Department arrested **Richard Lee PINTO** in possession of approximately 110 gross grams of methamphetamine and a .22 caliber rifle.

12.     Co-conspirator Alisha Feeney identified **Charles Ben BOUNDS** as a methamphetamine distributor whom she (Feeney) had on approximately one (1) occasion purchased two (2) ounces of methamphetamine from and on three (3) additional occasions purchased one (1) ounce of methamphetamine from.  Feeney also said that on approximately three (3) occasions she (Feeney) supplied **BOUNDS** with one (1) ounce quantities of methamphetamine.  Co-conspirator Laci Whisenant confirmed that **BOUNDS** was involved in distributing methamphetamine.  Specifically, Whisenant said that on approximately three (3) occasions she (Whisenant) had delivered eight (8) ounces of methamphetamine to **BOUNDS**, on approximately five occasions she (Whisenant) had delivered four (4) ounces of methamphetamine to **BOUNDS**, and on approximately three occasions she (Whisenant) had delivered two (2) ounces of methamphetamine to **BOUNDS**.

13.     Co-conspirator Laci Whisenant also identified **Michael Louis DEBUSK** as a methamphetamine distributor whom she (Whisenant) had on one occasion delivered one (1) ounce of methamphetamine to.  Whisenant also said that on one (1) occasion in 2015 **DEBUSK** robbed her of approximately six (6) to eight (8) ounces of methamphetamine and approximately $2000.00 in cash.  Co-conspirator Tiffany Bradberry confirmed that **DEBUSK** was involved in distributing methamphetamine.  Specifically, Bradberry stated that she (Bradberry) had observed **DEBUSK** in possession of two (2) to four (4) ounces of methamphetamine on at least ten (10) occasions between April and May 2012.

Bradberry also said that during this same timeframe she (Bradberry) had witnessed **DEBUSK** in possession of a handgun.

14. Co-conspirator Laci Whisenant identified **William Don LEVERETT** as a methamphetamine distributor whom she (Whisenant) had on one (1) occasion seen in possession of approximately one-half (1/2) kilogram of methamphetamine at **LEVERETT's** residence. Co-conspirator Gavin Seguin confirmed that **LEVERETT** was involved in distributing methamphetamine. Specifically, Seguin identified **LEVERETT** as a methamphetamine customer of his and Shanda Hawkins to whom they had distributed one (1) ounce of methamphetamine on fifteen (15) occasions. Seguin also said that on approximately eight (8) additional occasions he (Seguin) and Hawkins supplied one (1) ounce quantities of methamphetamine to a "middle-man" who ultimately delivered the methamphetamine to **LEVERETT.**

15. Co-conspirator Alisha Feeney identified **Lauren Whitney MOORE** as a methamphetamine distributor whom she (Feeney) had observed in possession of approximately four (4) ounce quantities of methamphetamine in approximately 2011. A cooperating source (hereinafter CS), confirmed that **MOORE** was involved in distributing methamphetamine. Specifically, the CS said that he/she had observed **MOORE** in possession of two (2) ounce quantities of methamphetamine on at least thirty (30) occasions and that the methamphetamine had been supplied to **MOORE** by Rachel Adams.

16. Co-conspirator Alisha Feeney also identified **Richard Lee PINTO** as a methamphetamine distributor whom she (Feeney) had on at least two (2) occasions observed Lacy Whisenant and **PINTO** deliver unknown amounts of methamphetamine to Brian Matthew Brown. A cooperating source (hereinafter CS), confirmed that **PINTO** was involved in distributing methamphetamine. Specifically, the CS said that **PINTO** acted as a body guard for Whisenant, often carrying a pistol, and also sold methamphetamine for Whisenant. The CS said that on one (1) occasion **PINTO** supplied the CS one (1) ounce of methamphetamine and that during another encounter with **PINTO** the CS was at **PINTO's** hotel room and the CS purchased an "8 ball" (3.5 grams) of methamphetamine from **PINTO**.

17. Co-conspirator Laci Whisenant identified **Alisha Ann PRIEST** as a methamphetamine distributor whom she (Whisenant) had on approximately three (3) occasions delivered eight (8) ounce quantities of methamphetamine to, on two (2) occasions she (Whisenant) delivered six (6) ounce quantities of methamphetamine to, and on five (5) occasions she (Whisenant) delivered four (4) ounce quantities of methamphetamine to. Additionally, Whisenant said that on two (2) occasions she temporarily left half (½) kilogram quantities of methamphetamine with **PRIEST**. Co-conspirator Alisha Feeney confirmed that **PRIEST** was involved in distributing methamphetamine. Specifically, Feeney said that on one (1) occasion in approximately 2013 she (Feeney) purchased four (4) ounce quantities of methamphetamine from **PRIEST**.

18. Based on the foregoing, the Complainant believes that probable cause exists that **Charles Ben BOUNDS**, also known as Pretty Boy, **Michael Louis DEBUSK**, also known as Mad Dog, **William Don LEVERETT**, also known as Big Will, **Lauren Whitney MOORE**, also known as Pistols, **Richard Lee PINTO**, also known as Dirty Red, **and Alisha Ann PRIEST,** along with others both known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), namely to distribute and to possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846.

_____
Brian Finney
Special Agent
Drug Enforcement Administration

SWORN AND SUBSCRIBED before me, at 10:50 am/pm, this 28th day of March, 2016, in Fort Worth, Texas.

_____
JEFFREY L. CURETON
United States Magistrate Judge